UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 12-10068-RGS |
| | ) | |
| **GERALD K. ACHOLONU,** | ) | |
| Defendant | ) | |

JOINT MOTION FOR ENDS-OF-JUSTICE CONTINUANCE,
AND EXCLUSION OF TIME,
UNDER THE SPEEDY TRIAL ACT

The United States of America and the defendant respectfully move this Court to grant a continuance of the time within which the trial of the charged offense(s) must commence, and exclude the time period from May 2, 2012, through and including June 20, 2012, from the speedy trial clock, pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv) and Sections 5(b)(7)(A), 5(b)(7)(B) and 5(b)(7)(C)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008), on the ground that the ends of justice served by granting the requested continuance and excluding these periods outweigh the best interests of the public and the defendant in a speedy trial. The parties further ask this Court to issue the attached proposed *Order of Continuance and Excludable Delay*. In support of this request, the parties state as follows:

1.  At an initial status conference on May 2, 2012, the Court and the parties discussed the defendant's need for additional time in which to: (a) review discovery produced by the government; (b) investigate the evidence and possible defenses; and (c) evaluate the need for, and to prepare, motions to dismiss, suppress, and other pre-trial motions. The Court set an interim status conference for June 20, 2012.

2. The parties ask the Court to enter an order excluding from the speedy trial computation the period from May 2, 2012, through and including June 20, 2012, as set forth in the attached proposed order. The parties jointly agree that this period constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," and that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial pursuant to Local Rule 112.2(a)(1), the Speedy Trial Act, Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv) and Sections 5(b)(7)(A), 5(b)(7)(B) and 5(b)(7)(C)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts.

3. A proposed order is attached.

Respectfully submitted,

GERALD K. ACHOLONU,  CARMEN M. ORTIZ
By his attorneys,  United States Attorney


/s/ Alan D. Chipman        By:  /s/ Eric P. Christofferson
ALAN D. CHIPMAN                 SCOTT L. GARLAND
LANCE SOBELMAN                  ERIC P. CHRISTOFFERSON
                                Assistant U.S. Attorneys


**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By:  /s/ Eric P. Christofferson
     ERIC P. CHRISTOFFERSON
     Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  v.          )  )  GERALD K. ACHOLONU,   )     Defendant      ) | Criminal No. 12-10068-RGS |

## [PROPOSED] ORDER OF CONTINUANCE AND EXCLUDABLE DELAY

MARIANNE B. BOWLER, M.J

    Upon consideration of the parties' joint motion seeking a continuance and an order of excludable delay, the Court finds as follows:

    1.    At an initial status conference on May 2, 2012, the Court and the parties discussed the defendant's need for additional time in which to review discovery, investigate the evidence, consider whether to file pretrial motions, and then to prepare any such pretrial motions. The Court set an interim status conference for June 20, 2012.

    2.    A continuance of this proceeding from May 2, 2012, through and including June 20, 2012, is necessary to ensure that counsel for the defendant and the defendant have sufficient time to review discovery, investigate the evidence, consider whether to file pretrial motions, and then to prepare any such pretrial motions. I find, given the specific circumstances in this case, that this continuance constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," 18 U.S.C. §3161(h)(7)(B)(iv) and Section 5(B)(7)(c)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts.

    3.    The ends of justice served by granting the requested continuance, and excluding the

time period from May 2, 2012, through and including June 20, 2012, from the speedy trial clock, outweigh the best interests of the public and the defendant in a speedy trial pursuant to Local Rul 112.2, the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A) and Section 5(b)(7)(C)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts.

Accordingly, the Court hereby grants the parties' joint motion and **ORDERS** that, pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A) and 3161(h)(7)(B)(iv) and Sections 5(b)(7)(A), 5(b)(7)(B) and 5(b)(7)(C)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts, (1) the date on which the trial must commence is continued; and (2) the period from May 2, 2012, through and including June 20, 2012, is excluded from the speedy trial clock and from the time within which the trial of the offenses charged in the indictment must commence.[1]

```
_____
MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE
```

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services,* 848 F.2d 271, 275 (1st Cir. 1988), *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986), *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980), *United States v. Vega*, 678 F.3d 376, 378-379 (1st Cir. 1982), *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140, 142 (1985).