## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 12-10068-RGS** |
| | ) | |
| **GERALD K. ACHOLONU,** | ) | |
| **Defendant** | ) | |

## JOINT MOTION FOR ENDS-OF-JUSTICE CONTINUANCE,
## AND EXCLUSION OF TIME,
## UNDER THE SPEEDY TRIAL ACT

The United States of America and the defendant respectfully move this Court to grant a continuance of the time within which the trial of the charged offense(s) must commence, and exclude the time period from July 24, 2012, through and including the date of the Rule 11 hearing in this case from the speedy trial clock, pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv) and Sections 5(b)(7)(A), 5(b)(7)(B) and 5(b)(7)(C)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008), on the ground that the ends of justice served by granting the requested continuance  and excluding these periods outweigh the best interests of the public and the defendant in a speedy trial.  The parties further ask this Court to issue the attached proposed *Order of Continuance and Excludable Delay*.  In support of this request, the parties state as follows:

1.      At an initial status conference on July 24, 2012, the Court and the parties discussed the fact that the parties had entered into a plea agreement and were ready for the District Judge to hold a change-of-plea hearing.

2.      The parties ask the Court to enter an order excluding from the speedy trial

computation the period from  July 24, 2012, through and including the date of the Rule 11 hearing

in this case, as set forth in the attached proposed order.  The parties jointly agree that this period

constitutes "the reasonable time necessary for effective preparation, taking into account the exercise

of due diligence,"  and that the ends of justice served by granting the requested continuance

outweigh the best interests of the public and the defendant in a speedy trial pursuant to Local Rule

112.2(a)(1), the Speedy Trial Act, Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and

3161(h)(7)(B)(iv) and Sections 5(b)(7)(A), 5(b)(7)(B) and 5(b)(7)(C)(iv) of the *Plan for Prompt*

*Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts.

3.      A proposed order is attached.

Respectfully submitted,

| | |
|---|---|
| GERALD K. ACHOLONU, | CARMEN M. ORTIZ |
| By his attorney, | United States Attorney |

| | | |
|---|---|---|
| /s/ Lance Sobelman | By: | /s/ Eric P. Christofferson |
| LANCE SOBELMAN | | SCOTT L. GARLAND |
| | | ERIC P. CHRISTOFFERSON |
| | | Assistant U.S. Attorneys |

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically
to the registered participants as identified on the Notice of Electronic Filing and paper copies will
be sent to those indicated as non-registered participants.

By:      /s/ Eric P. Christofferson

ERIC P. CHRISTOFFERSON
Assistant U.S. Attorney

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 12-10068-RGS** |
| | ) | |
| GERALD K. ACHOLONU, | ) | |
| Defendant | ) | |

## [PROPOSED] ORDER OF CONTINUANCE AND EXCLUDABLE DELAY

MARIANNE B. BOWLER, M.J

Upon consideration of the parties' joint motion seeking a continuance and an order of excludable delay, the Court finds as follows:

1.    At an initial status conference on July 24, 2012, the Court and the parties discussed the fact that the parties had entered into a plea agreement and were ready for the District Judge to hold a change-of-plea hearing.

2.    A continuance of this proceeding from July 24, 2012, through and including the date of the Rule 11 hearing in this case, is necessary.  I find, given the specific circumstances in  this case, that this continuance constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," 18 U.S.C. §3161(h)(7)(B)(iv) and Section 5(B)(7)(c)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts.

3.    The ends of justice served by granting the requested continuance, and excluding the time period from July 24, 2012, through and including the date of the Rule 11 hearing in this case, outweigh the best interests of the public and the defendant in a speedy trial pursuant to Local Rul 112.2, the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A) and Section 5(b)(7)(C)(iv) of the *Plan for*

*Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts.

Accordingly, the Court hereby grants the parties' joint motion and **ORDERS** that, pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A) and 3161(h)(7)(B)(iv) and Sections 5(b)(7)(A), 5(b)(7)(B) and 5(b)(7)(C)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts, (1) the date on which the trial must commence is continued; and (2) the period from At an initial status conference on July 24, 2012, the Court and the parties discussed the fact that the parties had entered into a plea agreement and were ready for the District Judge to hold a change-of-plea hearing, is excluded from the speedy trial clock and from the time within which the trial of the offenses charged in the indictment must commence.[1]

_____
MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

_____

[1]The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services,* 848 F.2d 271, 275 (1st Cir. 1988), *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986), *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980), *United States v. Vega*, 678 F.3d 376, 378-379 (1st Cir. 1982), *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140, 142 (1985).