UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-10068-RGS |
| | ) | |
| GERALD K. ACHOLONU, | ) | |
| Defendant. | ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**STEARNS, D.J.**

WHEREAS, on March 7, 2012, a federal grand jury sitting in the District of Massachusetts returned a three-count Indictment charging defendant Gerald K. Acholonu (the "Defendant") with Credit Card Fraud, in violation of 18 U.S.C. §§ 1029(a)(5) and 2 (Count One), Obstruction of Correspondence, in violation of 18 U.S.C. §§ 1702 and 2 (Count Two), and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Count Three);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Count One of the Indictment, of any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offense and any personal property used or intended to be used to commit the offense;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States

is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. §§ 982(b)(1) and 1029(c)(2), incorporating 21 U.S.C. § 853(p);

WHEREAS, on March 28, 2013, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Indictment, pursuant to a written plea agreement that he signed on March 22, 2013;

WHEREAS, in Section 11 of the plea agreement, the Defendant agreed to forfeit to the United States $183,992.61 in United States currency on the grounds that such amount is the total amount of proceeds obtained directly or indirectly as a result of the offense charged in Count One of the Indictment;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on March 28, 2013, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $183,992.61 in United States currency, pursuant to 18 U.S.C. §§ 982(b)(1) and 1029(c)(2);

WHEREAS, the amount of $183,992.61 in United States currency constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. § 1029(a)(5);

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would consist of a personal money judgment against the Defendant in the amount of $183,992.61 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.      The Defendant, shall forfeit to the United States the sum of $183,992.61 in United States currency, pursuant to 18 U.S.C. §§ 982(b)(1) and 1029(c)(2).

2.     This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.     The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.     The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.     Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

_____
Richard G. Stearns
United States District Judge

Dated: ___6-20-13_____

3